IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL E. ALLEN,

      Plaintiff,                            No. CIV S- 04-0622 FCD GGH P

   vs.

THEO WHITE, Warden,

      Defendant.                     FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is 1) defendant's February 24, 2005 motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the complaint as barred by the statute of limitations to which plaintiff filed an opposition on March 24, 2005; and 2) plaintiff's June 6, 2005 motion to amend his complaint.

Motion to Amend

       Although plaintiff filed the first amended complaint after the pending motion to dismiss was submitted, the Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). It has long been held that only an answer constitutes a responsive pleading. "A motion to dismiss is not a 'responsive pleading' within the meaning of the rule." Nolen v.

1

Fitzharris, 450 F.2d 958 (9th Cir. 1971), citing Brier v. Northern California Bowling Proprietor's Ass'n., 316 F.2d 787, 789 (9th Cir. 1963).  Thus, this action proceeds on the first amended complaint.

An amended or supplemental complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is filed, the original pleading no longer serves any function in the case.  Id.; see also E.D. Local Rule 15-220.  Although the allegations of this pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff will be required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

The primary difference in the amended complaint is that plaintiff names an additional defendant, Acting Warden Susan Hubbard, upon whom the court has not yet ordered service.  Because the pending motion to dismiss the action as barred by the statute of limitations applies equally to the first amended as to the original complaint, the court will proceed to adjudicate the motion in order to determine whether this matter may proceed as to any defendant before ordering service upon an additional party.

Allegations

Plaintiff names two defendants in his first amended complaint: Warden Theo White of California State Prison (CSP)-Sacramento and CSP-Sacramento Acting Warden Susan Hubbard.  Plaintiff alleges that he is actually innocent of the crime for which he has been convicted.  He claims that defendants violated his constitutional right of access to the courts when he was procedurally barred from pursuing a petition for writ of habeas corpus to challenge his conviction when, on July 15, 2003, the Ninth Circuit refused to consider his petition for writ of habeas corpus and stated that "[n]o further filings would be accepted in this closed case."  First Amended Complaint (FAC), pp. 1-2, Exh. 1.  (In point of fact, Exhibit 1 is a November 7, 2003 filing in the Ninth Circuit indicating that that appellate court denied the application for

1 authorization to file a second or successive 28 U.S.C. § 2254 of plaintiff, as petitioner, on
2 February 20, 2002, ordering that "no petition for rehearing shall be filed or entertained in this
3 case"). The Appeals court then noted that, on July 15, 2003, it had received "petitioner's
4 'Objection and Request for Reconsideration of the Dismissal of Petition for Writ of Habeas
5 Corpus," which document failed to include a case number and was filed "in this closed case." In
6 the Nov. 7, 2003 filing, the Ninth Circuit concludes that to the extent petitioner had intended a
7 request for reconsideration or rehearing of its Feb. 20, 2002 order, "such a request shall not be
8 entertained," and, as noted, thereafter stated "[n]o further filings would be accepted in this closed
9 case." See Exh. 1 to FAC.

Plaintiff avers that he filed a pro per petition for a writ of habeas corpus, which was found to be time-barred by two months. FAC, pp. 2-3, Exhs. 2, 6. (Once again, plaintiff mischaracterizes an exhibit: Exh. 2, is an "Objection and Request for Reconsideration" of his dismissed petition, filed in the Ninth Circuit by an attorney on his behalf. Exh. 6 is the October 15, 1999 Report and Recommendation filed in the Central District by a U.S. Magistrate Judge in Case No. CIV. 98-9703 LGB (RZ), recommending dismissal with prejudice of plaintiff's (petitioner's) petition as barred by the statute of limitations by being untimely by two months, as plaintiff states).

Plaintiff alleges that from April 1996 through March of 1997, the CSP-Sac B-Facility law library had no information related to the Antiterrorism and Effective Death Penalty Act (AEDPA) (which was enacted on April 24, 1996). FAC, p. 3. Plaintiff includes two declarations of other inmates, who swear under penalty of perjury, that the prison law library of Facility B at CSP-Sac contained no information about the AEDPA, from April 1996 to March 1997; indeed, one inmate states that the AEDPA legislation was not available until November of 1997 and that no bulletins of any kind were posted during that time in the law library of Facilities B and C. FAC, p. 3, Exhs. 4 & 5. Plaintiff states that he was denied knowledge that would have

\\\\\

1  made him aware of the time limits imposed by AEDPA for 297 days, and for that time period he
2  believed that no time limits were in existence.  FAC, p. 3.

3  Plaintiff avers that Cal. Code Regs. tit. xv, § 3170 provides that the warden shall
4  ensure law library services are maintained.  FAC, p. 3, Exh. 7.  Not only did the prison fail to
5  contain any AEDPA information or post any poster or notify inmates about the time limits of
6  AEDPA via institutional television, the version of 28 U.S.C. § 2244 maintained by the library
7  made no reference to the 1996 bill or time limits.  FAC, p. 4, Exh. 8.  Plaintiff further claims that
8  the state budget was not passed before July 15, 1996, resulting in materials to be provided to
9  prison law libraries being held up.  FAC, p. 4.  He also alleges that legal materials for the fiscal
10 year were ordered, approved and reviewed in June of 1996.  FAC, p. 4, Exh. 10.

11 Plaintiff contends that CSP-Sac failed to abide by the consent decree in Gilmore
12 v. Lynch, 319 F. Supp. 105 (N.D. CA 1970) in not maintaining an adequate library, that as of
13 August 28, 2003 CSP-Sac was only current on Supreme Court Reporters, and that defendant
14 warden violated plaintiff's right of access to the courts in that only on December 16, 1996 were
15 law book updates ordered for 1996-1997, causing plaintiff to be procedurally barred due to time
16 constraints from pursuing a habeas remedy.  FAC, pp. 6-8, Exh. 11.  Plaintiff seeks monetary
17 damages and declaratory relief.
18 Motion to Dismiss

19 Defendant contends that plaintiff's action is barred by the statute of limitations
20 whether his First Amendment claim is deemed to have accrued at the time that he sets forth that
21 he became aware of the AEDPA deadline, 297 days after the enactment of that statute, or in
22 March of 1997; or whether it is dated as having accrued as of November 15, 1999 when his
23 habeas corpus petition was dismissed; or on June 28, 2002 or February 20, 2002, when his
24 subsequent appeals were dismissed.  MTD, pp. 3-5.  Based on the record before this court and the
25 applicable law, the undersigned finds that defendant correctly applies the one-year statutory
26 limitation period rather than the two-year period enacted since January 2003, and is correct as

4

well that plaintiff is not entitled to the two-year statutory tolling period. See, discussion below.

The court grants defendant's request for judicial notice of two incontrovertible records: Exhibit A to the motion to dismiss, the February 20, 2002 Ninth Circuit order denying plaintiff's application to file a second or successive 28 U.S.C. § 2254 habeas petition; and Exhibit B, the abstract of judgment, filed on June 30, 1992, showing plaintiff's conviction and sentences and plainly setting forth that as to count one, plaintiff was sentenced to life without the possibility of parole. Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981)). Moreover, plaintiff, himself, has attached the February 20, 2002 order as an exhibit to his opposition (Exh. 2), and in Exhibit 2 to his first amended complaint, he sets forth that he has been sentenced to life without the possibility of parole.

Opposition

Plaintiff argues that his "actual injury" (pursuant to Lewis v. Casey, 518 U.S. 343, 362, 116 S. Ct. 2174 (1996)) occurred on July 15, 2003, when the Ninth Circuit stated that "no further filings shall be accepted in this closed case." Opp., p. 2. Plaintiff also contends that on June 20, 2003 he filed a 602 inmate grievance after his habeas petition and request for reconsideration had been "consistently denied," complaining that he had been deprived of knowledge of the AEDPA deadline for 234 days by CSP-Sac,[1] which grievance he pursued in good faith and which was exhausted to the third level on February 18, 2004, and that, because exhaustion of administrative remedies is required before filing an action under 42 U.S.C. § 1983 in this court, he is entitled to equitable tolling for that eight-month period. Opp., pp. 2-5; Exh. 5.

Legal Standard for Motion to Dismiss

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.

---

[1] Within the first amended complaint, plaintiff claims he was deprived of the information for 297 days.

Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" NOW, 510 U.S. at 256; 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S.555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may disregard allegations in the complaint if they are contradicted by facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Furthermore, the court is not required to accept as true allegations that contradict facts which may be judicially noticed. Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987). Finally, the court may grant dismissal on grounds that the action is barred by the statute of limitations "pursuant to Fed. R. Civ. P. 12(b)(6) only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999), citing Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.1991) (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980)).

Discussion

Statute of Limitations

Federal courts apply the personal injury statute of limitations of the forum state to section 1983 claims, and in California, prior to January 2003, the applicable statute of limitations was one year, as codified in Cal.Code Civ.Proc. § 340(3). Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999), citing Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938 (1985); Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994).

However, as of January 1, 2003, California amended the statute of limitations for a personal injury action setting forth that a personal injury action must be filed within two years, not one year, of the accrual of the cause of action. Cal.Code Civ. Proc. § 335.1. It is not retroactive, except for victims of the September 11, 2001 terrorist actions. Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Rodriguez v. Superior Court, 108 Cal. App. 4th 301, 303, 133 Cal. Rptr. 2d 294, 296, n. 2 (2003) (citing Stats. 2002, ch. 448, § 1.); Krusesky v. Baugh, 138 Cal. App. 3d 562, 566, 188 Cal. Rptr. 57 (1982).

"Statutes of limitation are legislative enactments that limit the time period in which a plaintiff can bring his or her cause of action in court." In re: Marriage of Klug, __ Cal. App. 4th __, 2005 WL 1581080, at *5 (Cal. App. 3 Dist. July 7, 2005). "[S]tatutes of limitation set the period beyond which a plaintiff may not seek redress in court." Id. (citing Norgart v. Upjohn Co., 21 Cal. 4th 383, 395-396, 87 Cal. Rptr. 2d 453 (1999).

In this case, although plaintiff filed his action after the effective date of the amended statute, on March 29, 2004 (or, by application of the mailbox rule, Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988), on March 22, 2004), whether he is entitled to the expanded two-year statutory limitation period or conversely whether the pre-2004 one year period applies, under California law, turns on the time upon which his cause of action accrued. In re: Marriage of Klug, 2005 WL 1581080, at *5 (Cal. App.3d July 7, 2005) ("[f]or statute of limitations purposes, the time for filing a complaint starts to run on the date the cause of action

7

1  accrued."). While California law is not settled on the question of whether or not the state
2  legislature can make a statutory limitation period "retroactive in the sense that it revives a claim
3  which is already time-barred.... it is established that an enlargement of time operates
4  *prospectively* unless the statute expressly provides otherwise." Gallo v. Superior Court, 200 Cal.
5  App. 3d 1375, 1378, 246 Cal. Rpt. 587 (1988) [emphasis added] [citations omitted]. In other
6  words, it is the statute of limitations period applicable at the time of the accrual of the alleged
7  injury which governs the limitations period for filing of claims, absent express provisions
8  otherwise. Thus, in order to determine whether plaintiff is entitled to the newly expanded
9  statutory limitation period, the court must first determine when his claims accrued.
10  Prior to reaching that issue, however, it is necessary to note that plaintiff is not
11  entitled to the tolling set forth in Cal. Code Civ. P. § 352.1(a), wherein a prisoner *serving a term*
12  *of less than life* is entitled to a two-year tolling provision before the commencement of the statute
13  of limitations for bringing a civil rights action [emphasis added]. Fink v. Shedler, 192 F.3d at
14  914. Both plaintiff and defendant observe that plaintiff is a prisoner serving a life term without
15  possibility of parole; thus, plaintiff may not avail himself of the two-year tolling provision for
16  prisoners not serving life sentences.
17  Returning to the question of the timing of plaintiff's claim accrual, although the
18  state limitations period controls, federal law governs when a cause of action accrues and the
19  statutory period begins to run. Morales v. City of Los Angeles, 214 F.3d 1151, 1153-1154 (9th
20  Cir. 2000); Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir.1991). "A federal
21  claim accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of
22  the action.'" Morales, supra, at 1154 (quoting TwoRivers c. Lewis, supra, 174 F.3d at 991);
23  Bagley, supra, at 760 (quoting Norco Construction, Inc. v. King County, 801 F.2d 1143, 1145
24  (9th Cir. 1986), in turn quoting Trotter v. International Longshoremen's & Warehousemen's
25  Union, 704 F.2d 1141, 1143 (9th Cir. 1983)).
26  \\\\\

The Ninth Circuit has explicitly held that a plaintiff's § 1983 claims "accrued for statute of limitations purposes when he first learned of the injury giving rise to his claims, and not at the completion of his habeas proceedings," in a case where a plaintiff brought an action in the year 1988 for damages following the 1986 reversal of his 1977 conviction, rather than within the statutory limitations period after 1980 when he first learned of the injury of which he complained in his civil rights action (and which served as the basis for the conviction reversal). Bagley v. CMC Real Estate Corp., supra, 923 F.2d at 759-762.

It is also the case that to state a denial of access to the courts claim, plaintiff must allege an actual injury. Lewis v. Casey, 518 U.S. 343, 362, 116 S. Ct. 2174 (1996). The Supreme Court has held that a prisoner alleging denial of meaningful access to the courts must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 2180 (1996). The court held that before a denial of access to the courts claim can go forward, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. Thus, before a claim of denial of access to the courts can proceed, an inmate must demonstrate that he was precluded or thwarted in his efforts to present a legally or factually arguable claim to the courts.

In this case, while it can be argued, as defendant asserts, that plaintiff's claim accrued by the time he first belatedly learned of the AEDPA filing deadline, that is, by the end of March of 1997,[2] nonetheless, because of the requirement that plaintiff show an actual injury

---

[2] The actual deadline for filing a timely petition for a pre-AEDPA conviction would not have elapsed until April 24, 1997—absent applicable tolling—, as the Ninth Circuit has held that AEDPA's one year statute of limitations for habeas corpus petitions filed pursuant to 28 U.S.C. § 2254 does not run against any state prisoner prior to the date of the statute's enactment. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled on other grounds, Calderon v. U.S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998). However, in this case, it appears that the deadline elapsed before plaintiff was able to commence his initial state court habeas petition (and thus could not avail himself of statutory tolling). See Exhibit 2, to FAC.

9

under Lewis v. Casey, supra, it is also arguable that until his petition was actually dismissed with prejudice by the district court on November 15, 1999 (see FAC, Exh. 2, p. 2.) that plaintiff had not suffered the requisite actual injury until that time. For example, prior to that final disposition it is possible, whether plausible or not, that equitable tolling may have saved the petition. Plaintiff, however, cannot reasonably have been in doubt of the injury to which he had been subjected, the alleged injury which forms the basis of this action. As of that date, any action under § 1983 must have begun to accrue under the law of this circuit, and the statutory limitations period applicable at that time was one year, thus, the deadline for filing his action would have been November 15, 2000. Regardless of any subsequent request for reconsideration to the district court or any appeal to the Ninth Circuit, the 1999 dismissal with prejudice was res judicata.[3]

Plaintiff's argument for equitable tolling for the eight-month period during which time he was pursuing exhaustion of administrative remedies (albeit unavailable remedies) need not be reached because that period of time (June 20, 2003 through February 18, 2004) occurred far outside and beyond the November 15, 2000 deadline which the court here finds applicable. The undersigned will therefore recommend defendant's motion be granted and this action be dismissed.

Accordingly, IT IS ORDERED that plaintiff's June 6, 2005 motion to amend his complaint is granted, pursuant to Fed. R. Civ. P. 15(a), and the first amended complaint be deemed filed as of that date; and

IT IS HEREBY RECOMMENDED that defendant's February 24, 2004 motion to dismiss this action as barred by the statute of limitations be granted and this case be dismissed.

\\\\\

---

[3] Under the doctrine of res judicata, a final judgment on the merits precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Dodd v. Hood River County, 59 F.3d 852, 863 (9th Cir. 1995).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/29/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
alle0622.mtd